United States District Court
Southern District of Texas
**ENTERED**
December 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO IGLESIA MENA, Petitioner | § § § | |
| v. | § § | Civil Action No. 1:20-cv-151 |
| WILLIAM BARR, ET AL., Respondents | § § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Julio Iglesia Mena's ("Mena's") "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (hereinafter, Mena's "Petition" or "§ 2241 Petition"). Dkt. No. 1. The Court is also in receipt of Respondents' "Motion to Dismiss as Moot" ("Motion to Dismiss"). Dkt. No. 9. For the reasons provided below, it is recommended that the Court: (1) **GRANT** the Respondent's Motion to Dismiss; (2) **DISMISS** Mena's § 2241 Petition as **MOOT**; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### II. Factual and Procedural Background

Mena entered Immigration and Customs Enforcement (ICE) custody on July 15, 2019; he was ordered removed on March 17, 2020. Dkt. No. 1 at 3. Mena did not appeal the Immigration Judge's decision. Dkt. No. 1 at 4. In his Petition, Mena claims that his continued detention violates 8 U.S.C. § 1321 as interpreted by the Supreme Court in *Zadvydas v. Davis*, as well as his substantive and procedural due process rights. Dkt. No.

1 at 6-8; 533 U.S. 678 (2001).  Mena requests his immediate release, a permanent injunction, and attorney's fees.[1]  Dkt. No. 1 at 9.  The Court ordered Respondents to respond to Mena's claims raised in his Petition.  Dkt. No. 4.

Respondents filed their Motion to Dismiss on December 1, 2020, stating that Mena was released from ICE custody pursuant to an Order of Supervision issued on November 9, 2020.  Dkt. No. 9-1 at 1.  As Mena is no longer in ICE custody, Respondents move the Court to dismiss his Petition as moot.  Dkt. No. 9.

## II.  Legal Standard

**FED. R. CIV. P. 12(b)(1).**  A party may move for a court to dismiss a plaintiff's cause of action on the basis that the court lacks subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  Unlike motions to dismiss under Rule 12(b)(6), where the plaintiff's allegations are taken as true and viewed under the most favorable light, the plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1).  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."); *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).  Further, courts must consider a jurisdictional attack under Rule 12(b)(1) prior to considering other grounds for dismissal.  *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.")). In considering whether it has subject matter jurisdiction, a court

---

[1] However, Petitioner is not represented by counsel and is proceeding pro se.  Dkt. No. 1.

may consider matters of fact that are either in dispute or outside the pleadings. *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

### III. Discussion

"If the claims in a petition are moot, the absence of an Article III case or controversy will deprive the Court of jurisdiction to consider the petition on the merits." *Ramos v. Olivarez*, No. B–14–266, 2015 WL 12840469, at *2 (S.D. Tex. Jul. 31, 2015). A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence[.]" *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

In his Petition, Mena asserts violation of his statutory and constitutional rights due to his continued detention in ICE custody. Dkt. No. 1 at 6-8. As Respondents note, however, Mena was released from ICE custody on November 9, 2020. Dkt. No. 9-1 at 1. Without Mena's continued detention by Respondents, his claims for alleged violation stemming from a continued detention are moot.

This District has regularly recognized that a petitioner's claim for habeas relief becomes moot upon his release from ICE custody (by removal or under supervision). *Anh Nguyen v. Sessions*, No. 4:18-CV-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019)

("Nguyen's petition challenges only his continued detention, his release from custody leaves nothing for this Court to remedy."); *Avulov v. Bureau of Immigration & Customs Enf't*, No. CV B-07-227, 2008 WL 11388552, at *2 (S.D. Tex. May 27, 2008), *report and recommendation adopted*, No. CV B-07-227, 2008 WL 11388558 (S.D. Tex. June 18, 2008) ("Because Avulov is no longer in custody in the location which gives rise to his claims, the corresponding allegations are moot and should be dismissed."); *Rui Xiang Li v. Gonzales*, No. CIVA H-06-2699, 2006 WL 3447654, at *1 (S.D. Tex. Nov. 21, 2006) ("Because Li's pending habeas corpus petition challenged only his continued detention, his release from custody leaves nothing for this Court to remedy").  Mena's Petition challenges only his continued detention.  Dkt. No. 1; Dkt. No. 9-1 at 1.  The underlying conflict between the parties no longer exists because Mena has already received the relief sought in his § 2241 Petition; he has been released from ICE custody.  There is no longer a case or controversy and the Court lacks jurisdiction.

Mena's Petition also includes a request for "permanent injunctive relief" from any detention that may occur in the future.  Dkt. No. 1 at 9.  However, "as other courts have recognized, the inclusion of a request for injunctive relief does not survive dismissal of a moot § 2241 petition, because the challenge against the petitioner's future detention is not yet ripe for review."  Dkt. No. 1 at 9; *Hechavarria v. Salinas*, No. 1:18-CV-00012, 2018 WL 1938040, at *3 (S.D. Tex. Mar. 13, 2018), *report and recommendation adopted*, No. 1:18-CV-00012, 2018 WL 2013081 (S.D. Tex. Apr. 30, 2018) (citing cases).

## V. Recommendation

It is recommended that the Court: (1) **GRANT** the Respondent's Motion to Dismiss; (2) **DISMISS** Mena's § 2241 Petition as **MOOT**; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **14th** day of December, 2020 at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge